JAMES POOLEY (CA SBN 58041)
JPooley@mofo.com
SCOTT OLIVER (CA SBN 174824)
SOliver@mofo.com
DANIEL A. ZLATNIK (CA SBN 259690)
DZlatnik@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendant
NETLIST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| METARAM, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NETLIST, INC., a Delaware Corporation,<br><br>Defendant. | Case No. C09-01309 BZ<br><br>**NETLIST'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant and Counterclaimant Netlist, Inc. ("Netlist"), by and through its attorneys, states as follows:

## NETLIST'S ANSWER TO METARAM'S COMPLAINT

Netlist, by and through its attorneys, answers Google's complaint for declaratory judgment as follows:

1. Netlist denies the allegations contained in paragraph 1.

2. Netlist lacks sufficient information or belief to respond to the allegations of paragraph 2, and on that basis denies those allegations.

3. Netlist admits the allegations of paragraph 3.

4. Netlist denies the allegations contained in paragraph 4.

Answer to Complaint and Counterclaims/Jury Trial Demanded - Case No. C09-01309 BZ

5. Netlist admits the allegations of paragraph 5.

6. Netlist denies the allegations contained in paragraph 6.

7. Netlist denies the allegations contained in paragraph 7.

8. Netlist lacks sufficient information or belief to respond to the allegations of paragraph 8, and on that basis denies those allegations.

9. Netlist lacks sufficient information or belief to respond to the allegations of paragraph 9, and on that basis denies those allegations.

10. Netlist denies the allegations contained in paragraph 10.

11. Netlist denies the allegations contained in paragraph 11.

12. Netlist lacks sufficient information or belief to respond to the allegations of paragraph 12, and on that basis denies those allegations.

## CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 7,472,220)

13. Netlist incorporates by reference, realleges and reasserts, as though set forth in full, Paragraphs 1 through 12.

14. Netlist denies the allegations contained in paragraph 14.

15. Netlist denies the allegations contained in paragraph 15.

16. Netlist denies the allegations contained in paragraph 16.

17. Netlist denies the allegations contained in paragraph 17.

## AFFIRMATIVE DEFENSES

Except where specifically noted below, each of the affirmative defenses alleged is asserted as to each purported Claim in the Complaint. By alleging the defenses set forth below, Netlist is in no way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of the issues raised by the defenses. Netlist reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in the case.

### FIRST AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the Complaint and each purported claim alleged therein is barred by the doctrine of waiver.

### SECOND AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the Complaint and each purported claim alleged therein fails to state facts upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the Complaint and each purported claim alleged therein is barred on the ground that MetaRAM has unclean hands with respect to the matters alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the Complaint and each purported claim alleged therein is barred under the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the '220 Patent is invalid and void because it fails to meet the conditions for patentablity set forth in 35 U.S.C. Section 102.

### SIXTH AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the '220 Patent is invalid and void because it fails to meet the conditions for patentablity set forth in 35 U.S.C. Section 103.

### SEVENTH AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the '220 Patent is invalid and void because it fails to meet the conditions for patentablity set forth in 35 U.S.C. Section 112.

### EIGHTH AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that any claim for damages for patent infringement by MetaRAM is limited by 35 U.S.C. Section 287 to those damages occurring only after notice of infringement.

### NINTH AFFIRMATIVE DEFENSE

Netlist is informed and believes, and thereon alleges, that the '220 Patent is unenforceable

by reason of MetaRAM's patent misuse.

## NETLIST'S COUNTERCLAIMS AGAINST GOOGLE

For its counterclaims against MetaRAM, defendant and counterclaimant Netlist alleges on knowledge as to its own conduct and on information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. Netlist, Inc., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Irvine, California.

2. On information and belief, MetaRAM, Inc., is a Delaware corporation.

3. In its Counterclaims Netlist seeks declarations of invalidity, non-infringement, and unenforceability of the '220 Patent. As such, jurisdiction is proper pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and as arising under the Patent Laws of the United States, Title 35 United States Code.

4. This Court has personal jurisdiction over MetaRAM because it has consented to jurisdiction by filing this case.

5. Venue in this district is proper under 28 U.S.C. § 1391.

### FIRST COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement as to the '220 Patent)**

6. Netlist realleges and incorporates by reference the paragraphs above.

7. As a result of the charge of infringement against Netlist, an actual controversy exists as to infringement of the '220 Patent.

8. Netlist has not infringed, and is not now infringing, the '220 Patent.

9. Netlist has not caused others to infringe, and is not now causing others to infringe, the MetaRAM patent, either willfully, recklessly, or otherwise.

### SECOND COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity as to the '220 Patent)**

10. Netlist realleges and incorporates by reference the paragraphs above.

11. As a result of the charges of infringement against Netlist, an actual controversy exists as to the validity of the '220 Patent.

12. The '220 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, 111, 112, 115, 116, and 256.

## REQUEST FOR RELIEF

1. A judgment that MetaRAM take nothing by its Complaint;

2. A judgment that MetaRAM's Complaint be dismissed with prejudice and that each request for relief therein be denied;

3. A declaratory judgment that Netlist has not willfully, recklessly, or otherwise infringed the '220 Patent and is not infringing the '220 Patent;

4. A declaratory judgment that Netlist has not willfully, recklessly, or otherwise contributed to or inducted others to infringe the '220 Patent, and is not contributing to or inducting others to infringe the '220 Patent.

5. A declaratory judgment that the '220 Patent, and all claims thereof, are invalid;

6. An order, pursuant to 35 U.S.C. § 285, finding that this is an "exceptional" case and awarding Netlist its reasonable attorney's fees, expenses, and costs incurred in this action;

7. An order entering judgment in favor of Netlist on its Counterclaims;

8. An order awarding Netlist such other and further relief as the this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, Netlist demands a jury trial of all issues so triable.

| | |
|---|---|
| Dated: May 11, 2009 | JAMES POOLEY<br>SCOTT OLIVER<br>DANIEL A. ZLATNIK<br>MORRISON & FOERSTER LLP<br><br>By: _/s/ L. Scott Oliver_<br>L. Scott Oliver<br><br>Attorneys for Defendant<br>NETLIST, INC. |

pa-1333620