G. HOPKINS GUY (SBN 124811)
  hopguy@orrick.com
MONTE M.F. COOPER (SBN 196746)
  mcooper@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Plaintiff
*METARAM, INC.*

ADRIAN M. PRUETZ (SBN 118215)
  ampruetz@pruetzlaw.com
ERICA J. PRUETZ (SBN 227712)
  ejpruetz@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650
Facsimile: (310) 765-7641

ENOCH H. LIANG (SBN 212324)
  ehl@ltlcounsel.com
STEVEN R. HANSEN (SBN 198401)
  srh@ltlcounsel.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

Attorneys for Defendant and Counter Claimant
*NETLIST, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| METARAM, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NETLIST, INC., a Delaware Corporation,<br><br>Defendant. | Case No. C 09 1309 VRW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: December 10, 2009<br>Time: 3:30 p.m.<br>Courtroom: 6<br>Judge: Hon. Vaughn R. Walker |

| | |
|---|---|
|1| Pursuant to the Standing Order For All Judges Of The Northern District of California,|
|2| the Parties respectfully submit this Joint Case Management Statement.|
|3| **1. _Jurisdiction and Service._** *The basis for the court's subject matter jurisdiction*|
|4| *over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal*|
|5| *jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be*|
|6| *served, a proposed deadline for service.*|
|7| This Court has jurisdiction over MetaRAM's claim under 28 U.S.C. §§ 1331 and|
|8| 1338(a). This Court has jurisdiction over Netlist's counterclaims under 28 U.S.C. §§ 1331,|
|9| 1338(a) and 2201. There are no issues regarding personal jurisdiction or venue and no other|
|10| parties need to be served.|
|11| **2. _Facts:_** *A brief chronology of the facts and a statement of the principal factual*|
|12| *issues in dispute.*|
|13| <u>MetaRAM's Position</u>: Infringement of MetaRAM's '220 patent. In this patent|
|14| infringement case, plaintiff MetaRAM, Inc. ("MetaRAM") accuses defendant Netlist, Inc.|
|15| ("Netlist") of infringing, either directly or indirectly, one or more claims of U.S. Patent No.|
|16| 7,472,220 ("the '220 patent"), which issued on December 30, 2008 and is entitled "Interface|
|17| Circuit System and Method for Performing Power Management Operations Utilizing Power|
|18| Management Signals." MetaRAM alleges that Netlist is engaged in the business of designing,|
|19| developing, marketing and selling dynamic random access memory ("DRAM") modules also|
|20| known as dual in-line memory modules ("DIMMs"). The accused DIMMs are compliant with|
|21| Dual Data Rate (DDR2) standards published by the JEDEC Solid State Technology Association|
|22| ("JEDEC"), including one which is known as Fully-Buffered DIMM (or "FB-DIMM"). An FB-|
|23| DIMM module introduces an Advanced Memory Buffer ("AMB") between the memory controller|
|24| and the memory module. In that regard, MetaRAM alleges that Netlist infringes one or more|
|25| claims of the '220 patent by making, using, offering to sell and selling JEDEC-compliant FB-|
|26| DIMM modules that include at least two and four Gigabyte quad-rank x8 DDR2 FB-DIMMs|
|27| (collectively "the Accused Products"). MetaRAM believes all of the claims of the '220 patent are|
|28| valid.|

Furthermore, while not relevant to the question of whether Netlist's actions result in infringement of the claims of the '220 patent, MetaRAM is no longer an operating company and had product sales of less than $37,000 DDR3 memory controller during its entire operation as a company. The parties are in the process of trying to reach a global settlement of both this and the Delaware action, however the matters have not yet been resolved.

Netlist's Position:   Netlist denies that its DIMMS or any other Netlist products infringe MetaRAM's '220 patent, and contends that the '220 patent is invalid as indefinite, anticipated and made obvious by the prior art.  Netlist also contends that MetaRAM's conduct in enforcing its patent has rendered the '220 patent unenforceable and MetaRAM barred from pursuing its claims.

**3.    Legal Issues:** *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

MetaRAM's Position:  The legal issues in this case include the interpretation of the asserted claims in the '220 patent, whether Netlist infringes the '220 patent in violation of 35 U.S.C. section 271, the extent of damages to which MetaRAM is entitled as a result of Netlist's infringement, including any enhanced damages, under 35 U.S.C. section 285.  Other sections of the Patent Act may be at issue, depending on the defenses Netlist pursues, including 35 U.S.C. sections 102, 103 and 112.

Netlist's Position:   In addition to the legal issues MetaRAM has stated, the legal issues in this case include whether the '220 patent is invalid under 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and 256; whether the '220 patent is unenforceable due to MetaRAM's patent misuse; whether MetaRAM is barred from recovery by the doctrines of unclean hands, waiver and estoppel; and whether MetaRAM is entitled to recover damages or enhanced damages; and whether this case is exceptional, entitling Netlist to recovery of its attorney's fees, expenses and costs in this action.

**4.    Motions:** *All prior and pending motions, their current status, and any anticipated motions.*

No motions have been filed by any of the parties..

MetaRAM's position:  MetaRAM contemplates filing a motion for summary judgment on

infringement of asserted claims of the '220 patent after the Court has construed the terms of the asserted claims, either under a theory of literal infringement or infringement under the doctrine of equivalents. Depending on the facts revealed during discovery and Netlist's contemplated arguments that the '220 patent is invalid and/or unenforceable, MetaRAM may also move for summary judgment on the validity and/or enforceability of the '220 patent.

Netlist's position: Netlist contemplates filing a motion for summary judgment of noninfringement of the asserted claims of the '220 patent, after the Court has construed the terms of the asserted claims. Netlist also contemplates filing a motion for summary judgment that the '220 patent is invalid and unenforceable.

**5. Amendment of Pleadings:** *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

MetaRAM's position: MetaRAM does not currently contemplate adding parties, claims or defenses beyond those asserted in MetaRAM's reply to Netlist's counterclaims. MetaRAM proposes a deadline of December 21, 2009 for any amendment to the pleadings.

Netlist's position: Netlist does not currently contemplate adding parties, claims or defenses beyond those asserted in MetaRAM's answer and counterclaims in the case. Netlist concurs with MetaRAM's proposed deadline of December 21, 2009 for any amendment to the pleadings.

**6. Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

*See* Rule 26(f) Report at Section IV.

**7. Disclosures:** *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

*See* Rule 26(f) Report at Section III. As noted, by stipulation, the parties have agreed that Rule 26(a)(1) disclosures will be December 20, 2009. The date for exchange of Rule 26(a)(1) disclosures otherwise be August 13, 2009 pursuant to the Court's May 13, 2009 Order Setting Initial Case Management Conference. However, consistent with the agreed 90 day stay of discovery noted in Section II of the Rule 26(f) Report, the parties have stipulated to the later

date for exchange of the Rule 26(a)(1) disclosures in an effort to focus upon a potential global settlement of this action and the Delaware action.

**8.** **Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

*See* Rule 26(f) Report at Section V.

**9.** **Class Actions:** *If a class action, a proposal for how and when the class will be certified.* Not applicable.

**10.** **Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Netlist has sued MetaRAM in the District of Delaware for infringement of Netlist's U.S. Patent No. 7,289,386. *See Netlist, Inc. v. MetaRAM, Inc.*, Case No. 09-165-GMS (D. Del.).

MetaRAM's additional comments: MetaRAM has ceased operations, and prior to then sold only approximately $37,000 worth of DDR3 memory controllers that are subject to the lawsuit. None of those memory controllers were used by MetaRAM's customers in commercial sales, and instead all were destroyed. Accordingly, MetaRAM anticipates requesting that the Court in the District of Delaware transfer that action to the Northern District of California. Google, Inc. also has sued MetaRAM in the Northern District of California for declaratory relief that Google does not infringe any claim of the '386 patent, and that the relevant claims are invalid. *See Google, Inc. v. Netlist, Inc.*, Case No. 08-cv-4144-SBA (N.D. Cal.).

**11.** **Relief:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

MetaRAM seeks to enjoin Netlist from infringing and inducing others to infringe the '220 patent. MetaRAM also seeks damages based on Netlist's infringement of the '220 patent, and pre- and post-judgment interest and costs. MetaRAM further seeks attorney fees pursuant to 35 U.S.C. § 285.

Netlist seeks a finding that MetaRAM's patent infringement case is exceptional, and an award of its attorney's fees, expenses and costs. Netlist also seeks a declaratory judgment that the '220 patent is invalid and not infringed.

**12. Settlement and ADR**: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties are in discussions to reach a global settlement that would apply to both this action and the Delaware action, and as noted in Section II of the Rule 26(f) Report, pursuant to ADR Local Rules 3-5 and 16-8, counsel already have met and conferred regarding ADR options offered by the Northern District of California. Counsel have stipulated to proceed with Early Neutral Evaluation ("ENE"), as permitted by N.D. Cal. ADR L.R. 3-4(a)(2) and 3-5(e)(2). Consistent with that fact, the parties have complied with the ADR Local Rules and have filed the necessary certifications and stipulation to ADR process on August 7, 2009. An ENE statement is due on December 8, 2009 and an ENE hearing is scheduled for December 21, 2009.

**13. Consent to Magistrate Judge For All Purposes:** *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14. Other References:** *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:** *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties believe that they lack sufficient information at this early stage to identify issues that can be narrowed by agreement or by motion, but expect that there may be occasion to do so following discovery and resolution of, for example, the claim construction issues.

| | |
|---|---|
| 1 | **16.** **Expedited Schedule:** *Whether this is the type of case that can be handled on an* |
| 2 | *expedited basis with streamlined procedures.* |

Recognizing the inherent limits imposed on the pretrial schedule by the Patent Local Rules, MetaRAM believes that this case is otherwise suitable for rapid procedure to trial following the claim construction hearing. MetaRAM believes the case should be tried no later than the spring of 2011.

Netlist does not believe that this case is suitable for expedited procedures, as significant fact and expert discovery are likely to take place following claim construction on the noninfringement, invalidity and unenforceability issues that have been raised.

**17.** **Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties have attached a Proposed Schedule Pursuant to the Patent Local Rules as Exhibit A, which is consistent with their stipulated ninety (90) day stay of discovery. Under the Proposed Schedule, if the parties are unable to settle before November 20, 2009 MetaRAM will serve its Preliminary Infringement Contentions on December 20, 2009, rather than September 3, 2009. All other dates that follow are consistent with the operation of the Patent Local Rules.

The parties also have set forth stipulated Proposed Pretrial Schedule that is attached hereto as Exhibit B. The parties agreed that if no settlement occured on or before November 20, 2009, the Court could re-set the August 20, 2009 Case Managemen. The Court has done so and the re-set Case Management hearing will take place on December 10, 2009.

**18.** **Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

MetaRAM has demanded a jury trial for its infringement claim, and expects trial of this claim to require at least 5 days. Netlist has also demanded a jury trial, and believes that trial of its counterclaims will require at least an additional 5 days.

**19.** **Disclosure of Non-party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification*

1  *by identifying any persons, firms, partnerships, corporations (including parent corporations) or*
2  *other entities known by the party to have either: (i) a financial interest in the subject matter in*
3  *controversy or in a party to the proceeding; or (ii) any other kind of interest that could be*
4  *substantially affected by the outcome of the proceeding.*

5  <u>MetaRAM responds as follows</u>:  MetaRAM's Certification of Interested Entities or Persons
6  reports no interests other than the parties named in this action.

7  Netlist responds as follows:  Netlist's Certification of Interested Entities or Persons reports
8  no interests other than the parties named in this action.

9  **20.    Other matters to facilitate the just, speedy and inexpensive disposition of this**
10 **matter.**

11 MetaRAM expects the claim construction hearing to last approximately one and a half
12 days, and believes the Court should hear live testimony from expert witnesses, which will help to
13 educate the Court on the technology at issue.  Netlist expects the claim construction hearing to last
14 one day, and that a tutorial on the technology may be useful to the court.

16 Dated: November 24, 2009            G. HOPKINS GUY
                                       MONTE M.F. COOPER
17                                     Orrick, Herrington & Sutcliffe LLP

19                                              /s/ G. Hopkins Guy /s/
                                       G. HOPKINS GUY
20                                     Attorneys for Plaintiff
                                       METARAM, INC.

23 Dated: November 24, 2009            ADRIAN M. PRUETZ
                                       ERICA J. PRUETZ
                                       Pruetz Law Group LLP

26                                            */s/* Adrian M. Pruetz */s/*
                                       ADRIAN M. PRUETZ
27                                     Attorneys for Defendant and Counter Claimant
                                       NETLIST, INC.

| | |
|---|---|
| 1 | **Filer's Attestation:** Pursuant to General Order No. 45, §X(B), I attest under penalty of |
| 2 | perjury that concurrence in the filing of this e-filed document has been obtained from |
| 3 | MetaRAM's counsel, G, Hopkins Guy. |
| 4 | |
| 5 | Dated: November 23, 2009　　　　　　　　Respectfully submitted, |
| 6 | 　　　　　　　　　　　　　　　　　　　　　　/s/ Adrian M. Pruetz /s/<br>　　　　　　　　　　　　　　　　　　　　　　Adrian M. Pruetz |

# Exhibit A

# [Proposed] Schedule Pursuant to Patent Local Rules

| Event | Date |
|---|---|
| MetaRAM's Disclosure of Asserted Claims and Preliminary Infringement (Patent L.R. 3-1) | **December 20, 2009** |
| Netlist Preliminary Invalidity Contentions (Patent L.R. 3-3) | **January 4, 2010** |
| MetaRAM and Netlist Exchange Proposed Terms and Claim Elements for Construction (Patent L.R. 4-1(a)) | **January 19, 2010** |
| MetaRAM and Netlist Exchange of Preliminary Claim Construction and Extrinsic Evidence (Patent L.R. 4-2) | **February 8, 2010** |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | **March 5, 2010** |
| Close of Claim Construction Discovery (Patent L.R. 4-4) | **April 5, 2010** |
| MetaRAM's Opening Claim Construction Brief (Patent L.R. 4-5(a): | **April 19, 2010** |
| Netlist Responsive Brief to MetaRAM's Opening Claim Construction Brief (Patent L.R. 4-5(b) | **May 3, 2010** |
| MetaRAM's Reply to Netlist Responsive Brief (Patent L.R. 4-5(c)) | **May 12, 2010** |
| Claim Construction Hearing (Patent L.R. 4-6) | **May 26, 2010 (or first available Court date)** |

# Exhibit B

# MetaRAM's and Netlist's Joint [Proposed] Pretrial Schedule

| Event | Date |
|---|---|
| Re-Set (or Second) Case Management Conference | **December 10, 2009** if the case does not settle during the stipulated stay of discovery, or such other date as is convenient to the Court's calendar. |
| Beginning of Fact Discovery and Exchange of Rule 26(a)(1) Disclosures | **December 20, 2009.** Until this date, all fact discovery (including exchanges of Rule 26(a)(1) Disclosures) is stayed, with the exception that Netlist may seek limited discovery sufficient to conclude that operations have ceased at MetaRAM, and that only minimal sales and sampling have occurred. |
| Close of fact discovery | **September 13, 2010** |
| Disclosure of expert testimony (Rule 26(a)(2)) | **October 13, 2010** |
| Disclosure of rebuttal expert testimony | **November 12, 2010** |
| Close of expert discovery | **December 13, 2010** |
| Last day to file dispositive motions | **January 11, 2011** |
| Hearing on dispositive motions | **February 17, 2011 (or first available Court date)** |
| Pretrial conference | **April 14, 2011 (or first available Court date)** |
| Trial begins | **June 6, 2011 (or first available Court date)** |